UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **CRESCENT CITY SURGICAL CENTRE OPERATING COMPANY, LLC** | **CIVIL ACTION** |
| **VERSUS** | **CASE NO. 20-2369** |
| **NEXT BIO-RESEARCH SERVICES, LLC** | **SECTION: "G" (5)** |

## ORDER AND REASONS

In this litigation, Plaintiff Crescent City Surgical Centre Operating Company, LLC ("Plaintiff") alleges that Defendant NEXT Bio-Research Services, LLC ("Defendant") engaged in "massive junk faxing" in violation of the federal Telephone Consumer Protection Act of 1991, 47 U.S.C. § 227 ("TCPA") as amended by the Junk Fax Prevention Act of 2005 ("JFPA").[1] Pending before the Court is "Defendant's Motion to Dismiss or Alternatively, Motion for a More Definite Statement."[2] Considering the motion, the memoranda in support and in opposition, the record, and the applicable law, the Court denies the motion.

## I. Background

Plaintiff filed a "Class Action Complaint" on August 27, 2020 in this Court, asserting federal subject matter jurisdiction pursuant to 28 U.S.C. § 1331 (the "Complaint").[3] In the Complaint, Plaintiff alleges that Defendant engaged in "massive junk faxing" in violation of the

---

[1] Rec. Doc. 1.

[2] Rec. Doc. 9.

[3] Rec. Doc. 1.

federal Telephone Consumer Protection Act of 1991, 47 U.S.C. § 227 ("TCPA") as amended by the Junk Fax Prevention Act of 2005 ("JFPA").[4] Specifically, Plaintiff alleges that Defendant "blasted thousands of junk faxes" to businesses to advertise its good/services without complying with the "Opt-out Notice Requirements" of the TCPA and the JFPA, as well as regulations promulgated by the FCC.[5] Plaintiff alleges that "Defendant is a sender of the junk faxes alleged in this Complaint because (1) it is the person or entity on whose behalf the facsimile advertisements were sent, and (2) its property, goods and services are advertised or promoted as commercially available in the advertisement."[6]

Plaintiff seeks damages and injunctive relief.[7] Plaintiff also seeks certification of a class pursuant to Federal Rule of Civil Procedure 23 on behalf of "all persons and entities that are subscribers of telephone numbers to which within four years of the filing of this Complaint, Defendant sent facsimile transmissions with content that discusses, describes, promotes products and/or services offered by Defendant, and does not contain the [required] opt-out notice."[8]

## II. Parties' Arguments

### A. *Defendant's Motion to Dismiss or Alternatively, Motion for a More Definite Statement*

In the instant motion, Defendant first argues that the Complaint should be dismissed for failure to state a claim under the TCPA or the JFPA.[9] Defendant contends that Plaintiff fails to

---

[4] Rec. Doc. 1 at 1–2.

[5] *Id.* at 4.

[6] *Id.*

[7] *Id.* at 11–12.

[8] *Id.* at 5–6.

[9] Rec. Doc. 9-1 at 3.

alleges sufficient facts to show that Defendant is liable as a "sender" under the TCPA.[10] Specifically, Defendant avers that Plaintiff mistakenly seeks to hold Defendant strictly liable as an advertiser and that Plaintiff fails to plead facts demonstrating that Defendant is vicariously liable under common law agency principles.[11]

Alternatively, Defendant argues that Plaintiff should be required to provide a more definite statement of its claims against Defendant pursuant to Federal Rule of Civil Procedure 12(e).[12] In particular, Defendant contends that "Plaintiff should be required to file a more definite statement articulating what theory of liability it is seeking to impose on [Defendant] and the specific grounds and factual bases for imposing that liability."[13]

### B. *Plaintiff's Opposition to Defendant's Motion to Dismiss or Alternatively, Motion for a More Definite Statement*

In opposition, Plaintiff argues that the Complaint "provides numerous factual allegations, that if true, would result in this Court ruling in [Plaintiff's] favor."[14] Specifically, Plaintiff contends that Defendant is a "sender" pursuant to the Federal Communications Commission's ("FCC") regulations and Defendant sent unsolicited fax advertisements in violation of the TCPA.[15] Plaintiff further contends that "the fax in question is [Defendant's] advertisement of their goods

---

[10] *Id.* at 7–11.

[11] *Id.*

[12] *Id.* at 11.

[13] *Id.* at 12.

[14] Rec. Doc. 14 at 2.

[15] *Id.* at 2–3.

and services."[16] Alternatively, "should this Court find merit in Defendant's Motion, Plaintiff requests the Court allow it an opportunity to amend its complaint to comply with the Court's requirements."[17]

### C. *Defendant's Reply in Further Support of Defendant's Motion to Dismiss or Alternatively, Motion for a More Definite Statement*

In the reply memorandum in further support of the instant motion to dismiss, Defendant argues that "[a]t most, Plaintiff alleges that [Defendant] is the 'sender' of the junk faxes solely because 1) it is the person or entity on whose behalf the facsimile advertisements were sent and 2) its services are advertised on the fax at issue."[18] According to Defendant, these allegations are insufficient because Defendant "cannot be held liable under the TCPA solely because its goods or services are advertised on a junk fax."[19]

## III. Legal Standard

### A. *Legal Standard for 12(b)(6) Motion to Dismiss*

Federal Rule of Civil Procedure 12(b)(6) provides that an action may be dismissed "for failure to state a claim upon which relief can be granted."[20] A motion to dismiss for failure to state a claim is "viewed with disfavor and is rarely granted."[21] "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim for relief that

---

[16] *Id.* at 3.

[17] *Id.* at 5.

[18] Rec. Doc. 17 at 3.

[19] *Id.*

[20] Fed. R. Civ. P. 12(b)(6).

[21] *Kaiser Aluminum & Chem. Sales, Inc. v. Avondale Shipyards, Inc.*, 677 F.2d 1045, 1050 (5th Cir. 1982).

is plausible on its face.'"[22] "Factual allegations must be enough to raise a right to relief above the speculative level."[23] A claim is facially plausible when the plaintiff has pleaded facts that allow the court to "draw a reasonable inference that the defendant is liable for the misconduct alleged."[24]

On a motion to dismiss, asserted claims are liberally construed in favor of the claimant, and all facts pleaded are taken as true.[25] However, although required to accept all "well-pleaded facts" as true, a court is not required to accept legal conclusions as true.[26] "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations."[27] Similarly, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements" will not suffice.[28] The complaint need not contain detailed factual allegations, but it must offer more than mere labels, legal conclusions, or formulaic recitations of the elements of a cause of action.[29] That is, the complaint must offer more than an "unadorned, the-defendant-unlawfully-harmed-me accusation."[30] From the face of the complaint, there must be enough factual matter to raise a reasonable expectation that discovery will reveal evidence as to each

---

[22] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2008)).

[23] *Twombly*, 550 U.S. at 556.

[24] *Id.* at 570.

[25] *Leatherman v. Tarrant Cnty. Narcotics Intelligence & Coordination Unit*, 507 U.S. 163, 164 (1993); *see also Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322–23 (2007).

[26] *Iqbal*, 556 U.S. at 677–78.

[27] *Id.* at 679.

[28] *Id.* at 678.

[29] *Id.*

[30] *Id.*

element of the asserted claims.[31] If factual allegations are insufficient to raise a right to relief above the speculative level, or if it is apparent from the face of the complaint that there is an "insuperable" bar to relief, the claim must be dismissed.[32]

### B. *Legal Standard for Rule 12(e) Motion for a More Definite Statement*

Rule 12(e) entitles a party to a more definite statement when a portion of a pleading "is so vague or ambiguous that a party cannot reasonably be required to frame a responsive pleading."[33] The motion must state the defects in the pleading and the details desired.[34] A party may not use a Rule 12(e) motion as a substitute for discovery.[35] However, the Supreme Court has held that "[i]f a pleading fails to specify the allegations in a manner that provides sufficient notice," then a Rule 12(e) motion may be appropriate.[36] In deciding whether to grant a Rule 12(e) motion for a more definite statement, the trial judge is given considerable discretion.[37]

### IV. Analysis

In the instant motion, Defendant argues that Plaintiff fails to allege sufficient facts to show

---

[31] *Lormand v. U.S. Unwired, Inc.*, 565 F.3d 228, 257 (5th Cir. 2009).

[32] *Moore v. Metro. Human Serv. Dep't*, No. 09-6470, 2010 WL 1462224, at * 2 (E.D. La. Apr. 8, 2010) (Vance, C.J.) (citing *Jones v. Bock*, 549 U.S. 199, 215 (2007)); *Carbe v. Lappin*, 492 F.3d 325, 328 n. 9 (5th Cir. 2007).

[33] Fed. R. Civ. P. 12(e). *See Cole v. JEBF Holdings, LLC*, No. 14-0298, 2014 WL 6327088, at *2 (E.D. La. Nov. 13, 2014) (Brown, J.).

[34] *See* Fed. R. Civ. P. 12(e).

[35] *Mitchell v. E-Z Way Towers, Inc.*, 269 F.2d 126, 132 (5th Cir. 1959).

[36] *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506 (2002).

[37] *See Mitchell*, 269 F.2d at 129. *See also Cole*, 2014 WL 6327088, at *2 (internal citation omitted) ("A district court's order pursuant to Rule 12(e) will not be reversed absent an abuse of discretion.").

that Defendant is liable as a "sender" under the TCPA.[38] In opposition, Plaintiff contends that the Complaint sets forth sufficient factual allegations to show that Defendant is the "sender" of the junk faxes alleged in the Complaint.[39]

The TCPA, 14 U.S.C. § 227, prohibits the sending of an "unsolicited advertisement" via one fax machine to another fax machine.[40] "A fax is an 'unsolicited advertisement' if it advertises 'the commercial availability or quality of any property, goods, or services' and is transmitted without the recipient's 'prior express invitation or permission.'"[41] The TCPA does not define the terms "send" or "sender" of an unsolicited fax advertisement. In 2006, the FCC promulgated the "Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991" ("2006 FCC Junk Fax Order") in which it defined the term "sender" as "the person or entity on whose behalf a facsimile unsolicited advertisement is sent or whose goods or services are advertised or promoted in the unsolicited advertisement."[42]

In the Complaint, Plaintiff alleges that Defendant violated the TCPA by sending facsimile advertisements that did not comply with the opt-out notice requirements of the TCPA, JFPA, and FCC regulations.[43] Regarding Defendant's alleged liability as a sender of junk faxes, Plaintiff alleges:

Defendant is a sender of the junk faxes alleged in this Complaint because (1) it is

---

[38] *Id.* at 7–11.

[39] *See* Rec. Doc. 14.

[40] 47 U.S.C. §§ 227 (b)(1)(C). The TCPA was amended in 2005 by the Junk Fax Prevention Act (JFPA).

[41] *Gene And Gene LLC v. BioPay LLC*, 541 F.3d 318, 322 (5th Cir. 2008) (citing 47 U.S.C. §§ 227 (a)(4)).

[42] *In the Matter of Rules & Reguls. Implementing the Tel. Consumer Prot. Act of 1991 Junk Fax Prevention Act of 2005*, 21 F.C.C. Rcd. 3787, 3822 (2006).

[43] Rec. Doc. 1 at 9.

the person or entity on whose behalf the facsimile advertisements were sent, and (2) its property, goods and services are advertised or promoted as commercially available in the advertisement.[44]

In an exhibit to the Complaint, Plaintiff attaches a facsimile message allegedly received by Plaintiff displaying Defendant's logo and listing Defendant's website address.[45]

The parties do not dispute that the facsimile message attached to the Complaint is an advertisement of Defendant's goods and services, namely COVID-19 and influenza testing.[46] Pursuant to the 2006 FCC Junk Fax Order, a sender is "the person or entity on whose behalf a facsimile unsolicited advertisement is sent or whose goods or services are advertised or promoted in the unsolicited advertisement."[47] Here, the allegations set forth in the Complaint coupled with the facsimile message attached to the Complaint—which advertises services offered by Defendant and lists Defendant's website address—suffice to state a claim that Defendant is a "sender" within the meaning of the TCPA.

Yet Defendant argues that Plaintiff "cannot be held liable under the TCPA solely because its goods or services are advertised on a junk fax."[48] Defendant relies on a September 2020 declaratory ruling issued by the FCC to support its argument that the FCC rejected a "strict liability approach under the TCPA that would 'always hold the advertiser liable.'"[49]

---

[44] *Id.*

[45] Rec. Doc. 1-2.

[46] Rec. Doc. 14 at 4; Rec. Doc. 9-1 at 8.

[47] *In the Matter of Rules & Reguls. Implementing the Tel. Consumer Prot. Act of 1991 Junk Fax Prevention Act of 2005*, 21 F.C.C. Rcd. 3787, 3822 (2006).

[48] *Id.*

[49] Rec. Doc. 9-1 at 7.

8

In the declaratory ruling relied upon by Defendant, the FCC "clarif[ied] that a fax broadcaster is solely liable for TCPA violations when it engages in deception or fraud against the advertiser."[50] The FCC nevertheless maintained that "the 'sender' of a fax advertisement in most cases is the advertiser," but explained that "[w]here the fax broadcaster's misconduct effectively defeats any measures the advertiser took or could have taken to comply with the law, the faxes cannot be considered sent 'on [the advertiser's] behalf' as contemplated by our rules."[51] By limiting liability for an advertiser when a fax broadcaster engages in fraud or deception, the FCC did not foreclose sender liability for an advertiser such as Defendant.

For these reasons, the Court finds that Plaintiff's factual allegations, if true, state a claim for relief that is plausible on its face. In addition, the Court finds that the Complaint is not so vague or ambiguous as to require a more definite statement pursuant to Rule 12(e). Accordingly,

**IT IS HEREBY ORDERED** that the "Defendant's Motion to Dismiss or Alternatively, Motion for a More Definite Statement"[52] filed by NEXT Bio-Research Services, LLC is **DENIED.**

**NEW ORLEANS, LOUISIANA,** this 17th day of May, 2021.

　　　　　　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　　　　　　**NANNETTE JOLIVETTE BROWN**
　　　　　　　　　　　　　　　　　　　**CHIEF JUDGE**
　　　　　　　　　　　　　　　　　　　**UNITED STATES DISTRICT COURT**

---

[50] *In re Petition for Expedited Clarification or Declaratory Ruling*, 35 FCC Rcd 10424, 10424, 2020 FCC LEXIS 3622, *2 (F.C.C. September 21, 2020).

[51] *Id.* at *10–11.

[52] Rec. Doc. 9.